IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,     DECISION AND ORDER

v.
                               09-CR-379-S
ALEXAI ROGOZIN,

                Defendant.
_____

Before me is the government's motion [60][1] for reconsideration of my November 16, 2010 Report and Recommendation [53], in which I recommended the suppression of certain evidence seized from defendant. For the following reasons, the motion is denied.

## ANALYSIS

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court . . . . Thus, reconsideration is appropriate where necessary to correct for 'clear error' or to 'prevent manifest injustice,' . . . but should not be employed for the purpose of merely rearguing that which was previously decided." Murray v. Coleman, 2010 WL 5109976, *1 (W.D.N.Y. 2010) (Larimer, J.)

Since the facts and arguments set forth in the motion were not presented to me prior to the issuance of my Report and Recommendation (nor does the government explain why they were not), they can hardly have been "overlooked" by me - which in itself justifies denial of the motion.

---

[1] Bracketed references are to the CM/ECF docket entries.

However, that does not end the matter. To say that I am "troubled" by the search warrant attached to the government's motion would be putting things mildly. That warrant, which authorized the search of defendant's iPhone, was obtained from Magistrate Judge Hugh Scott on August 26, 2010 - over five months after defendant moved to suppress evidence from the iPhone [21, ¶88] and nearly one month after the suppression hearing before me had concluded [35]. The affidavit submitted in support of that motion makes no mention of those facts, much less the fact that Special Agent Matthew Meyer, who submitted the affidavit, himself testified at the suppression hearing.

In its motion for reconsideration, the government states that "[f]rom the language in the Report and Recommendation, it appears that the Court was unaware" of the fact that it had obtained the warrant from Judge Scott. Mango affidavit [60], ¶9. How exactly did the government expect me to be aware of that fact, when the government made no mention of the existence of the August 26, 2010 warrant in its post-hearing brief dated October 6, 2010 [42] or during oral argument of the suppression motion before me on October 28, 2010 [45, 49]?

Therefore, not only do I deny the motion for reconsideration, but I also order the government to file, on or before January 10, 2010, a detailed written explanation as to the circumstances surrounding the application for the search warrant obtained from Judge Scott, in which it should address why the application was made to Judge Scott rather than to me, and why it did not provide Judge Scott with the relevant procedural history of this case. Upon receipt of that explanation I will consider what (if any) further proceedings are appropriate.

**SO ORDERED.**

Dated: December 23, 2010

                                              /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge