UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    v.                                                  09-cr-379

ALEXAI ROGOZIN,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

After a trial, Defendant Alexai Rogozin was convicted by a jury of two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts 1 and 3), and two counts of the transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Counts 2 and 4). Presently before the Court is Defendant's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 and/or a new trial pursuant to Fed. R. Crim. P. 33.

I.     **STANDARD OF REVIEW**

    a.     **Rule 29**

Federal Rule of Criminal Procedure 29 provides that after a jury verdict, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); see also Fed. R. Crim. P. 29(c)(1)(allowing for such motions after jury verdicts).

"A defendant challenging the sufficiency of the evidence supporting a conviction faces a 'heavy burden.'" United States v. Glenn, 312 F.3d 58, 63 (2d Cir. 2002) (quoting

United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994)). On such motions, the Court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Espaillet, 380 F.3d 713, 718 (2d Cir. 2004)(quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

"[C]ourts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). In this regard, the Court must avoid substituting its own determination of the weight of the evidence presented and the reasonable inferences that may be drawn from that evidence. Id. "Indeed, it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." Id.; see also United States v. Florez, 447 F.3d 145, 154-155 (2d Cir. 2006)("In assessing sufficiency, we are obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court.").

> "'[T]he relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Glenn, 312 F.3d at 63 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979)). A court's analysis considers "'the evidence in its totality,' and the Government 'need not negate every theory of innocence.'" Glenn, 312 F.3d at 63 (quoting United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000)). . . . The relevant inquiry is "'whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.'" Autuori, 212 F.3d at 114 (quoting United States v. Mariani, 725 F.2d 862, 865 (2d Cir.1984)).

United States v. Triumph Capital Group, Inc., 544 F.3d 149, 158 (2d Cir. 2008).

"A conviction must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. If the court concludes that either of the

- 2 -

two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." United States v. Applins, 637 F.3d 59, 76 (2d Cir. 2011).

### b. Rule 33

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

> "Generally, a motion for a new trial 'should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2003) (quoting Atkins v. N.Y. City, 143 F.3d 100, 102 (2d Cir.1998)). A district court has "broad discretion ... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir.1992)). Though a district court is entitled to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses," Sanchez, 969 F.2d at 1413 (internal quotation marks omitted), it "must strike a balance between weighing the evidence and credibility of witnesses and not 'wholly usurp[ing]' the role of the jury," Ferguson, 246 F.3d at 133 (quoting Autuori, 212 F.3d at 120). While courts have "broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29," they "nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" Ferguson, 246 F.3d at 134 (quoting Sanchez, 969 F.2d at 1414).

Triumph Capital Group, Inc., 544 F.3d at 159.

## II. DISCUSSION

Defendant claims that he is entitled to relief on Count 1 because: (1) the evidence shows that the pictures were downloaded in bulk and it cannot reasonably be concluded that Defendant was aware of the nature of all the pictures downloaded en masse; and (2) the pictures did not constitute child pornography.

There was ample evidence from which the jury reasonably could have concluded that the government proved the elements of the possession of child pornography offense beyond

a reasonable doubt. With respect to Counts 1 and 2, the evidence showed that, among other things, Defendant used his computer to visit certain websites that indicated his interest in teen pornography, including child pornography. Moreover, there was evidence that Defendant was the only user of his computer, that the user name was that of Defendant, and that the computer was, at times, protected by a password. Evidence showed approximately 144 images of child pornography were located on Defendant's computer. The testimony showed that many of the images contained pictures of persons approximately 12 to 13 years of age engaging in sexual acts. Some of the images were found in the "My Documents" folder associated with Defendant's user account. The testimony demonstrated that files cannot appear in the "My Documents" folder without the computer user taking certain affirmative steps. More images were found in the temporary internet files folder associated with Defendant's user account. When files appear in the temporary internet folder, it shows that the computer user accessed websites containing the images found in the temporary internet files folder. Additional images were found in the "Recycler" folder attributed to Defendant's user account, which suggests that Defendant took steps to delete those specific image files.

With respect to Defendant's argument that the pictures did not constitute child pornography, as noted, there was testimony that the pictures appeared to be of persons approximately 12 to 13 years old engaging in sexual conduct. Moreover, the jury had the opportunity to view and assess the ages of the individuals in the pictures. The testimony together with the pictures themselves amply support a finding that the pictures contained child pornography as defined by the statute. Accordingly, Defendant's Rule 29 motion with respect to Counts 1 and 2 is denied.

Turning to Counts 3 and 4, Defendant argues that "there was insufficient evidence from which a reasonable jury could have found that Mr. Rogozin knowingly possessed or even viewed items charged in Count 3, since the Government failed to provide in the course of discovery or even during the course of the trial any of the "CREATE" stamp dates with respect to images located in defendant's iPhone." Def. Mot. at ¶ 16. According to Defendant, the lack of a "create" stamp negates the element that Defendant knowingly possessed the pictures. The Court rejects this argument. The government did not need to prove when the images were created, but that Defendant knowingly stored the images on his iPhone. There was sufficient evidence to support the jury's conclusion in this regard. This evidence included testimony that the images on the iPhone were identical to those in the "My Documents" folder from Defendant's computer. The Court agrees with the government that the jury could have reasonably concluded that the fact that the iPhone was synced with the computer (together with the other facts in evidence) supports the conclusion that Defendant knew the iPhone contained images of child pornography. As the Court explained during the course of trial, it was for the jury to determine, in light of all the evidence presented (including the lack of a "create date") whether the images found on the iPhone were there when the phone was seized. Moreover, the Court explicitly advised the jury that the lack of a "create date" was something the jury was going to have to consider "when you consider the importance of that information as [it] relates to whether or not those images were on that phone at the time it was seized by the Government and later analyzed by the witness." May 1, 2013 Tr. at 189. Accordingly, Defendant's Rule 29 motion as to Counts 3 and 4 is DENIED.

Defendant next argues for a new trial pursuant to Rule 33. Defendant argues the following grounds for his motion: (1) the government presented images to the jury 20-30 times the size of the original images, which could lead the jury to conclude that Defendant knew or should have known the age of the persons in the images; (2) the use of the enlarged images constituted a constructive amendment or material variance from the Indictment; (3) by failing to demonstrate evidence of the "create date" of the images, the jury was invited to speculate and guess as to the knowing possession of the images; and (4) the Court allowed certain inflammatory and unfairly prejudicial matters into evidence.

To establish a constructive amendment, Defendant must show that the trial evidence or jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Rigas, 490 F.3d 208, 227 (2d Cir. 2007). Significant flexibility in proof is permitted. United States v. Patino, 962 F.3d 263, 266 (2d Cir. 1992). Nothing occurred during the course of trial sufficient to constitute an alteration of an essential element of the charges. Id. Defendant clearly had sufficient notice of the core criminal conduct for which he was charged and the government's proof was limited to those charges. Id. In light of the facts that; (1) the jury heard testimony concerning the original size of the images; (2) the jury heard testimony concerning the ability of the computer user to alter the size of the images; (3) none of the images were enlarged to more than 8 ½ x 11; and (4) the Court gave cautionary instructions,[1] the Court finds that the fact that the jury may have seen

---

[1] The Court instructed the jury as follows:

[Y]ou have to keep in mind that there's no indication what size this was at the time the Defendant saw or didn't see. So, sometimes when you look on the computer . . . there's a thumbnail type of a
(continued...)

enlarged images does not constitute a constructive amendment or a material variance and did not otherwise unfairly prejudice Defendant. Barnard v. Burbary, 452 F. Supp.2d 178, 191 (W.D.N.Y. 2006) ("There is no per se rule under . . . federal law prohibiting the introduction of enlargements of photographs.").

Similarly, the lack of evidence concerning "create dates" did not constitute a constructive amendment or material variance. As previously discussed, the jury was well aware that "create dates" were not available. Nothing about the lack of "create dates" alters any element of the offense. Rather, as previously explained, it was for the jury to determine what significance, if any, was to be attributed to the lack of a "create date."

The Court has considered Defendant's other arguments and finds them to be without merit: (1) the admission of the pictures of the child at the beach was not unfairly prejudicial; (2) the enlarged photographs were not unfairly prejudicial; (3) Defendant's counsel was permitted access to all of the images; (4) the Court properly declined to give an instruction concerning the affirmative defense found at 18 U.S.C. § 2252A(d) because it was not reasonably supported by the evidence. See United States v. White, 553 F.3d 240, 246 (2d Cir. 2009) (court may decline to give an instruction on an affirmative defense when the evidence in support of such a defense would be legally insufficient); and (5) it was for the jury to determine the relevance, if any, of the fact that there was a variation in the images listed on Government Exhibit 15 from those on Defense Exhibit C.

---

[1](...continued)
picture which is very small and is not anywhere near the size that's going to be passed around to you. May 3, 2013 T. at 110, 116, 121.

III. **CONCLUSION**

For the foregoing reasons, Defendant's motions pursuant to Fed. R. Crim. P. 29 and 33 are DENIED.

IT IS SO ORDERED.
Dated: July 17, 2013
Buffalo, NY

Thomas J. McAvoy
Sr. U.S. District Judge