UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

   v.         09-cr-379

ALEXAI ROGOZIN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **ORDER**

Defendant Alexai Rogozin has moved to vacate his conviction pursuant to Federal Rule of Criminal Procedure 33 and 29(c).  Dkt. 214.  The parties and Defendant's trial attorney have filed affidavits and other documents in relation to that motion.  See Dkts. 218, 225-229.  Having reviewed the parties' submissions, the Court makes the following findings:

1.  The Defendant's motion is denied as it relates to his claims of ineffective assistance of trial counsel during opening statements and in examining expert witness Tammy Loehrs.  The Court finds that counsel's performance in these areas were within "the wide rage of professionally competent assistance," and thus did not violate Defendant's right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 690 (1984).  In any case, even if defense counsel's performance in these areas had been deficient, the evidence adduced at trial established that Defendant could not establish with a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 696.  The Court also finds that

the filing of the motion to vacate was untimely pursuant to Federal Rule of Criminal Procedure 33(b)(2), which requires that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  FED. R. CRIM. P. 33(b)(2).  Defendant was aware of the alleged grounds for ineffectiveness at the time of his conviction on May 7, 2013 and new counsel entered her appearance on August 23, 2013.  The motion to vacate on these grounds was not filed until January 23, 2014.

2.   The Court finds that Defendant's claim that sometime in late 2010 or early 2011 the government conveyed to Defendant's counsel a plea offer of obscenity to Plaintiff's counsel, and that counsel failed to relay this offer to Defendant has no basis in fact.  The only evidence of this alleged offer is an unsupported allegation from the Defendant, and both his former counsel and the government have verified that no such offer was made.  The motion is therefore denied with respect to this claim.

3.   The Court finds that questions of fact exist as to whether defendant's trial counsel received and conveyed to Defendant the government's plea offer of possession of child pornography made in July, 2012.  A question of fact also exists as to whether Defendant knew of and rejected this plea offer.  As this alleged failure to convey a plea offer to Defendant could establish ineffective assistance of counsel, the Court will reserve ruling on this issue pending a hearing on the issue of whether Defense counsel received, conveyed, explained and obtained Defendant's response to the plea offer.  See, e.g., United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010).  Testimony is necessary to determine whether counsel's performance "fell below an objective standard of

reasonableness" in relation to this plea offer, which the government acknowledges making. Strickland, 466 U.S. at 688.

4.  The Court also finds that Defendant must offer evidence to explain why his motion to vacate was not filed within the fourteen days required by Federal Rule of Criminal Procedure 33(b)(2).  Defendant must introduce evidence that shows why late filing of his motion to vacate "was the product of 'excusable neglect.'" Brown, 623 F.3d at 113.

5.  A hearing on the issues described above will be conducted on **February 18, 2014** at the **United States District Court, 2 Niagara Square, Buffalo, New York, at 10:00 a.m**.  All counsel and parties are directed to attend the hearing in person and shall be prepared to present testimony on these matters.

**IT IS SO ORDERED**


DATED: February 7, 2014



_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge