**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **v.**　　　　　　　　　　　　　　　　　　　　**1:09-cr-00379**

**ALEXAI ROGOZIN,**

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.　INTRODUCTION**

Defendant moves pursuant to Fed. R. Crim. P. 41(g) for the return of his International Passport and New York State Commercial Driver's License which he contends were seized by the FBI when he was arrested on October 16, 2009. *See* Dkt. # 247 & Dkt. # 248. The government responds that the defendant's passport is currently maintained in his Department of Homeland Security (DHS) file at an Immigration Processing Center in Allenwood, Pennsylvania. The government indicates that the defendant's New York State Commercial Driver's License is not in the possession of the United States Attorney's Office, and DHS representatives indicate that they cannot locate such a document in their files.

The government further reports that it was informed by DHS representatives that on May 9, 2017, the defendant was ordered to be removed from the United States, and will

be transferred to Immigration custody on June 30, 2017, after which he is scheduled to be deported. The government further indicates that DHS representatives advised that because the defendant has been ordered deported, it is the policy and/or practice of DHS to maintain possession of his identification documents, including his passport and driver's license. According to these representatives, the defendant's passport will be necessary to properly effectuate his deportation.

In addition, the government reports that DHS representatives have indicated that, assuming the defendant's New York State Commercial Driver's License could be located, it would not be returned to him because: (1) the defendant is not eligible for a New York State Commercial Driver's License due to his lack of legal status in the United States; (2) the defendant's license is suspended and therefore invalid; and (3) the license could be used by the defendant to attempt to gain re-entry into the United States through illegal means.

## II. DISCUSSION

In light of the representations that (1) the defendant was ordered to be removed from the United States and is scheduled to be deported; (2) the defendant's passport will be necessary to properly effectuate his deportation; and (3) Department of Homeland Security is concerned that the defendant's New York State Commercial Driver's License, if found and returned, could be used by the defendant to attempt to gain re-entry into the United States through illegal means, and further in light of the fact that the defendant's lack of legal status in the United States makes him ineligible for a New York State Commercial Driver's License, *see* N.Y. Comp. Codes, R. & Regs. tit. 15, § 3.6, the

defendant's motions will be denied.

## III. CONCLUSION

For the reasons set forth above, the defendant's motions, Dkt. # 247 & Dkt. # 248, are in all respects **DENIED**.

**IT IS SO ORDERED.**

Dated: May 22, 2017

Thomas J. McAvoy
Senior, U.S. District Judge